■ GRANT E. JOHNSON, Respondent, v. JOHN E. JOHNSON, Defendant, and MARY JOHNSON, Appellant.— Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs. Goldman, P. J., not participating. Memorandum: On January 4, 1967 defendant John Johnson gave his son, the plaintiff, a mortgage which the court found was supported by good consideration but which was not then recorded. Four days later the mortgagor married defendant Mary Johnson, whom he had known since the preceding October. On March 9, 1967 John Johnson executed a deed of the mortgaged premises to himself and his wife as tenants by the entirety, which was recorded the same day. The marriage terminated in divorce soon thereafter, and plaintiff subsequently commenced this foreclosure action in which John Johnson defaulted but Mary Johnson asserted an interest in the property prior to and free from the mortgage by virtue of her recorded deed. On a prior appeal this court reversed an award of summary judgment to plaintiff and remitted the case for trial of factual issues, including the issue whether the wife gave valuable consideration for the deed so as to be entitled to the benefit of section 291 of the Real Property Law. (33 A D 2d 640.) On the trial the court erroneously limited defense counsel in his attempt to establish the existence of an agreement by the wife to marry defendant in return for a conveyance of the property. Such an agreement, if established, would constitute valuable consideration for the deed subsequently executed. (*American Sur. Co.* v. *Conner*, 251 N. Y. 1.) All other factual issues having been resolved in plaintiff's favor, a new trial is required solely on the question whether valuable consideration was given for the deed. (Appeal from judgment of Oneida Trial Term in mortgage foreclosure action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Henry, JJ.